PEOPLE v SINCLAIR

Docket No. 222458. Submitted June 13, 2001, at Detroit. Decided October 5, 2001, at 9:00 A.M. Leave to appeal sought.

Jody L. Sinclair was convicted of armed robbery after a jury trial in the Oakland Circuit Court, Richard D. Kuhn, J., that commenced 181 days after the defendant's request under the Interstate Agreement on Detainers (IAD), MCL 780.601 *et seq.*, for disposition of the armed robbery charge was delivered to the prosecutor. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in denying the defendant's pretrial motion for dismissal of the charge on the asserted ground that the 180-day rule of Article III(a) of the IAD was violated in this case. Under Article III(a), a prosecutor to whom a prisoner in another state that is a party to the IAD has caused to be delivered a request for final disposition of an untried charge in Michigan must bring the prisoner to trial within 180 days of taking delivery of the request. In this case, although trial commenced 181 days after the prosecutor received the defendant's request for final disposition, it was nevertheless timely commenced because the 180th day after the prosecutor received the defendant's request was a Sunday and under MCR 1.108(a) or FR Crim P 45(a) the last day of the prescribed period is to be included unless it is a Saturday, Sunday, legal holiday, or court holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or holiday.

2. Error requiring reversal did not occur when the prosecutor, over the defendant's objection, referred during closing argument to a photograph of the defendant as a mug shot. The defendant was not denied a fair trial as a result of the prosecutor's comment inasmuch as the comment was made in the context of proper argument regarding witnesses' identification of the defendant as the robber, the jury would not have necessarily concluded from the comment that the defendant had a prior criminal record, and the trial court instructed the jury that the lawyers' statements and arguments were not evidence.

Affirmed.

PRISONS AND PRISONERS — INTERSTATE AGREEMENT ON DETAINERS — 180-DAY RULE — SATURDAYS, SUNDAYS, AND HOLIDAYS.

A prosecutor to whom a prisoner in another state that is a party to the Interstate Agreement on Detainers has caused to be delivered a request for final disposition of an untried charge in Michigan must bring the prisoner to trial within 180 days of taking delivery of the request; if the 180th day is a Saturday, Sunday, legal holiday, or court holiday, the period for commencing trial runs until the end of the next day that is not a Saturday, Sunday, or holiday (MCL 780.601; MCR 1.103, 1.108[1], 6.001[D]; FR Crim P 45[a]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Michael E. Sawicky*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Deborah Winfrey Keene*), for the defendant on appeal.

Before: SMOLENSKI, P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529. He was thereafter sentenced as a fourth-offense habitual offender, MCL 769.12, to a term of forty to sixty years of imprisonment. Defendant appeals as of right, and we affirm.

This case arises out of a robbery that occurred at a Rite Aid pharmacy in the city of Clarkston. Defendant accomplished the robbery by putting a telephone in a bag and handing a note to a pharmacy technician claiming that he had a bomb and that he wanted Dilaudid, a narcotic. Several of the employees were able to identify defendant as the perpetrator because his face was not covered. On appeal, defendant raises two issues attacking his conviction. He first argues

that the trial court erred in not dismissing the charge on the basis of a violation of the 180-day rule set forth in the Interstate Agreement on Detainers (IAD), MCL 780.601 *et seq*. He also argues that the prosecutor's reference to a "mug shot" during closing argument denied defendant a fair trial. We do not find either issue to require reversal.

I

Before trial, defendant moved to dismiss the charge, alleging a violation of the 180-day rule under the IAD. After committing the present offense, defendant was involved in a carjacking and kidnapping in Indiana. With regard to the Indiana offenses, defendant was tried, convicted, and sentenced before August 1998. In a letter dated January 13, 1999, defendant requested his final disposition of the robbery charge and the prosecutor received the letter on January 19, 1999. Consequently, the prosecutor had 180 days to bring defendant to trial on the robbery charge beginning from January 19, 1999. MCL 780.601, Article III(a); *Fex v Michigan*, 507 US 43, 52; 113 S Ct 1085; 122 L Ed 2d 406 (1993)[1] (the 180-day period in Article III[a] of the IAD begins to run when the defendant's request for final disposition of the charge against him has actually been delivered to the prosecutor). Trial commenced on July 19, 1999, which was, as noted by the trial court, actually 181 days after the prosecutor received defendant's request for final disposition.

The trial court concluded that the IAD was not violated because July 18, 1999, was a Sunday and, under

---

[1] Affirming *People v Fex*, 439 Mich 117; 479 NW2d 625 (1992).

MCR 1.108(1), in computing time under a statute, the last day is not included if it is a Sunday. MCR 1.108(1) provides:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order.

Although the court rule, by its terms, unambiguously applies to the computation of a period prescribed by a statute, defendant argues that the trial court erred in applying the court rule to the IAD. Defendant contends that the IAD does not explicitly exclude Sundays from the 180-day period and that the IAD tolls the running of the period only when the defendant is unable to stand trial.

Under Article III(a) of the IAD, the trial court may grant any necessary or reasonable continuance for good cause shown. Under Article VI(a) of the IAD, when determining the duration and expiration dates of the periods, the running of the period must be tolled if the prisoner is unable to stand trial. However, there is nothing in the IAD dictating the manner in which the period is to be calculated. Because MCR 1.108 clearly applies to computing the period prescribed in a statute, the trial court did not err in applying MCR 1.108 to the IAD.

MCR 1.103 provides that the Michigan Court Rules "govern practice and procedure in all courts established by the constitution and laws of the State of Michigan." MCR 6.001(D) provides that the provisions of the rules of civil procedure apply to criminal cases, unless otherwise provided. By its terms, MCR 1.108 clearly applies to computing a period prescribed by statute, and courts are required to apply the court rule where applicable. Indeed, the authority to determine rules of practice and procedure rests exclusively with our Supreme Court. Const 1963, art 6, § 5; *McDougall v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999). Statutes of limitation in this state are generally regarded as procedural and not substantive in nature. *People v Russo*, 439 Mich 584, 595; 487 NW2d 698 (1992). Therefore, MCR 1.108 is applicable as a procedural matter.

We also note that to the extent the IAD "is a congressionally sanctioned interstate compact, [the] construction of which presents a federal question," *People v Bowman*, 442 Mich 424, 428; 502 NW2d 192 (1993), the federal counterpart to MCR 1.108(a), FR Crim P 45(a), likewise provides that the last day of the period is included *unless* it is a Saturday, Sunday, or a legal holiday, "in which event the period runs until the end of the next day which is not one of the aforementioned days." Further, FR Crim P 45(a) has been applied to the IAD by the federal courts, which, in so doing, noted that states party to the IAD have used local time computing provisions analogous to FR Crim P 45(a). See *United States v Johnson*, 953 F2d 1167, 1172 (CA 9, 1992).

Consequently, we find no error on the part of the trial court. It is clear that whether MCR 1.108(a) or

FR Crim P 45(a) is utilized, defendant was brought to trial within the 180-day period required by Article III(a) of the IAD. Therefore, there was no violation of the 180-day period of the IAD.

II

Defendant next argues that he was denied a fair trial when the prosecutor improperly referred to his photograph as a "mug shot." Defense counsel objected to the prosecutor's characterization of the photograph as a mug shot because there was no evidence that the photograph was a mug shot. The trial court neither sustained nor overruled the objection. We review the prosecutor's remark in context to determine whether defendant was denied a fair trial. *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995).

Three employees of Rite Aid chose defendant out of a photographic lineup before trial. During closing argument, the prosecutor referred to the photograph of defendant as a mug shot. Although it would have been preferable for the prosecutor not to have referred to the photograph as a mug shot, we do not find this isolated comment to constitute error requiring reversal. Rather, the comment was made in the context of proper argument regarding the employees' testimony of the identification of defendant as the robber. Further, there was no evidence of defendant's prior criminal history stated before the jury; therefore, this single comment would not necessarily lead to the conclusion that the jury assumed that defendant had a prior criminal history. Reference to a mug shot could just as easily have been interpreted as

referring to a photograph taken in conjunction with the present offense only.

Moreover, we note that the trial court instructed the jury that the lawyers' statements and arguments were not evidence, thereby dispelling any prejudice. *Id.* at 281. Consequently, defendant was not denied a fair trial because of the prosecutor's reference to his photograph as a mug shot during closing argument.

Affirmed.

MCDONALD, J., did not participate