POTTER v McLEARY

Docket Nos. 262529, 263538. Submitted February 8, 2006, at Lansing. Decided February 6, 2007, at 9:10 a.m. Leave to appeal sought.

Brian Potter brought a medical malpractice action in the Washtenaw Circuit Court against Richard C. McLeary, M.D., and others. The plaintiff sent a notice of intent to sue to Huron Valley Radiology, P.C., and Kristyn H. Murry, M.D., eight days before the statutory period of limitations expired, and sent a separate notice of intent to St. Joseph Mercy Hospital Ann Arbor, Emergency Physicians Medical Group, P.C., and Robert Domeier, D.O., 25 days before the period of limitations expired. However, the affidavits of merit that the plaintiff filed with his complaint did not contain the statutorily required statement on proximate cause, and no conforming affidavits were submitted before the limitations period expired. The trial court, Donald E. Shelton, J., denied the defendants' motions for summary disposition, and the defendants appealed. The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

The trial court erred in denying the defendants' motions for summary disposition. The plaintiff's affidavits of merit were defective, and therefore the action was not properly commenced. Allowing the plaintiff to file amended affidavits that relate back to the date the complaint was filed would subvert the statutory affidavit requirement and render superfluous the specific legislative remedy established for circumstances in which a conforming affidavit cannot accompany the complaint. The general statutory provision allowing a court to disregard procedural errors that do not affect the substantial rights of the parties conflicts with the more specific provisions that govern medical malpractice actions; the latter therefore control.

Reversed.

DAVIS, J., dissenting, stated that the trial court should have given the plaintiff the opportunity to retroactively amend the nonconforming affidavits under MCL 600.2301, which furthers Michigan's clear, longstanding policy of resolving disputes on their merits by mandating that courts overlook technical errors that do not affect the substantial rights of the parties. The case holding

that MCL 600.2301 is inapplicable to the filing requirements for affidavits of merit in medical malpractice cases is distinguishable, because it was explicitly limited to situations in which no affidavit whatsoever was filed and, therefore, nothing existed to amend. Although a trial court may not permit an amendment that states a cause of action that has been barred by the statutory limitations period, if, as in this case, the transactional basis of the claim was pleaded before the period ran, amendments are permissible because the basic policy of the statute of limitations has been satisfied. Allowing the plaintiff to amend the affidavits of merit to include a statement on proximate causation would not surprise or otherwise prejudice the defendants in light of the fact that such a statement was included in the plaintiff's notices of intent, and therefore it should have been permitted.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — RETROACTIVE AMENDMENT.

A nonconforming affidavit of merit filed in connection with a medical malpractice complaint may not be amended after the statutory limitations period for bringing the action has passed (MCL 600.2301, 600.2912d).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Erlich, Rosen & Bartnick, P.C.* (by *J. Martin Bartnick*), for Brian Potter.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Susan J. Zbikowski*), for Robert Domeier, D.O., and Emergency Physicians Medical Group.

*Foley, Baron & Metzger, PLLC* (by *Judith A. Sherman* and *Carole S. Empey*) for St. Joseph Mercy Hospital Ann Arbor.

*Chapman and Associates, P.C.* (by *Ronald W. Chapman, Brian J. Richtarcik,* and *David B. Mammel*), for Kristyn Murry, M.D., and Huron Valley Radiology, P.C.

Before: WILDER, P.J., and ZAHRA and DAVIS, JJ.

WILDER, P.J. In these consolidated appeals, defendants appeal by leave granted the trial court's orders denying their motions for summary disposition pursuant to MCR 2.116(C)(7). The dispositive issue on appeal in this medical malpractice action is whether plaintiff's affidavits of merit complied with the requirements of MCL 600.2912d. Because they did not, we reverse.

The alleged malpractice took place on June 7, 2001. The statute of limitations in medical malpractice cases is two years from the date the claim accrued. MCL 600.5805(6). Presuming the notice of intent was sufficient,[1] the statute of limitations would have been tolled for 182 days from the date of the notice. MCL 600.2912b(1). A notice of intent was sent to defendants Huron Valley Radiology and Kristyn H. Murry, M.D., on May 30, 2003, leaving eight days before the period of limitations expired. A notice of intent was sent to defendants St. Joseph Mercy Hospital Ann Arbor, Robert Domeier, D.O., and Emergency Physicians Medical Group, P.C. on May 13, 2003, leaving 25 days before the period of limitations expired. The notices tolled the running of the limitations periods, which recommenced on November 30, 2003, and on November 13, 2003, respectively. The limitations period expired on December 8, 2003, for all defendants. Plaintiff's complaint was filed on November 4, 2003.

Plaintiff submitted two affidavits of merit with his complaint. Both were signed by appropriately certified medical professionals. They included specific statements of the standard of care, indications of how that standard was breached, and what actions should have been taken to comply with the standard of care. However, both affidavits are devoid of any statement on

---

[1] Although sufficiency of the notices of intent is raised as an issue, we find it unnecessary to address it under the circumstances.

proximate cause. See MCL 600.2912d(1)(d). Therefore, "[w]e hold that plaintiff's affidavit was defective and did not constitute an effective affidavit for the purpose of MCL 600.2912d(1) and, therefore, plaintiff filed a complaint without an affidavit of merit sufficient to commence a medical malpractice action." *Geralds v Munson Healthcare,* 259 Mich App 225, 240; 673 NW2d 792 (2003), citing *Scarsella v Pollak,* 461 Mich 547, 553; 607 NW2d 711 (2000) (*Scarsella II*), and *Mouradian v Goldberg,* 256 Mich App 566, 574; 664 NW2d 805 (2003). There is nothing in the record to suggest that a conforming affidavit was filed before December 8, 2003. Therefore, summary disposition is appropriate under MCR 2.116(C)(7) because the action was not properly commenced, and the period of limitations has expired.

We reject plaintiff's contention that, under MCL 600.2301, retroactive amendment of the nonconforming affidavit of merit should be permitted so that plaintiff's cause of action would no longer be barred by the statute of limitations. MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

In *Mouradian,* this Court, quoting from *Scarsella II,* concluded that the trial court did not abuse its discretion when it denied plaintiff's request to permit the filing of an amended affidavit that would relate back to the date the complaint was filed:

> "Plaintiff contends that he should have been allowed to amend his September 22, 1996, complaint by appending

the untimely affidavit of merit. He reasons that such an amendment would relate back, see MCR 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement. Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and 'amend' by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1) . . . that the plaintiff 'shall file with the complaint an affidavit of merit,' as well as the legislative remedy of MCL 600.2912d(2) . . . allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint." [*Mouradian, supra* at 575, quoting *Scarsella II, supra* at 550, quoting *Scarsella v Pollak,* 232 Mich App 61, 65; 591 NW2d 257 (1998) (*Scarsella I*).]

We adopt this reasoning here, and find unpersuasive our dissenting colleague's view that the instant case is distinguishable from *Scarsella II* and *Mouradian*. MCL 600.2912d(1) expressly requires that a plaintiff "shall" file an affidavit of merit with the complaint at the commencement of the lawsuit. The purpose of this requirement is "to ensure trustworthy medical expert testimony and to discourage frivolous lawsuits." *Nippa v Botsford Gen Hosp (On Remand),* 257 Mich App 387, 394; 668 NW2d 628 (2003). To this end, a complaint filed without the requisite conforming affidavit is insufficient to sustain a lawsuit, and therefore, the period of limitations is not tolled under these circumstances. *Scarsella II, supra* at 553. Permitting the plaintiff to amend his nonconforming affidavits by providing the omitted and required statements on proximate cause, and then permitting the amended affidavits to relate back to the initial filing of the complaint, completely subverts the affidavit requirement established by MCL

600.2912d(1), and renders superfluous the specific legislative remedy established in MCL 600.2912d(2) for circumstances where a conforming affidavit of merit cannot accompany the complaint. Moreover, MCL 600.2301 is a statute that applies generally to pending actions or proceedings, whereas MCL 600.2912d(1) and (2) are statutes that specifically apply to medical malpractice actions. "When two statutes conflict, the one that is more specific to the subject matter prevails over the more general statute." *Craig v Detroit Pub Schools Chief Executive Officer*, 265 Mich App 572, 575; 697 NW2d 529 (2005), citing *Livonia Hotel, LLC v City of Livonia*, 259 Mich App 116, 131; 673 NW2d 763 (2003).

Because this issue is dispositive, we need not reach the other issues raised on appeal.

Reversed.

ZAHRA, J., concurred.

DAVIS, J. (*dissenting*). I agree with the majority that the affidavits of merit filed in this case were defective. As counsel essentially conceded at oral argument, they did not contain any statement whatsoever on proximate cause because they did not state how the physicians' alleged failures related to plaintiff's alleged injuries. Because no conforming affidavit was filed before December 8, 2003, when the limitations period expired, summary disposition under MCR 2.116(C)(7) was ostensibly appropriate.

However, I respectfully disagree with the majority's dismissal of the possibility of retroactive amendment of the nonconforming affidavits under MCL 600.2301, which states as follows:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in

such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

This statute, or its substantially identical predecessor, has been part of Michigan statutory law for almost a century.[1] However, I can find no published caselaw addressing it in this context. The possibility of amendment was discussed in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000). However, our Supreme Court in *Scarsella* did not address the clear policy implications of MCL 600.2301, and the holding was explicitly limited to situations where *no* affidavit was filed whatsoever. *Scarsella, supra* at 550-553. Obviously, there is no logical way to amend a *nonexistent* process, pleading, or proceeding, so MCL 600.2301 would not have applied in any event. The situation before this Court today is different.

Since *Scarsella*, this Court has concluded that a "grossly nonconforming" affidavit does not count as an affidavit of merit under the statute. *Saffian v Simmons*, 267 Mich App 297, 302-303; 704 NW2d 722 (2005). However, those cases that subsequently relied on *Scarsella* did not address the significant distinction: where an affidavit is *actually filed*, even if it is eventually ruled defective for one reason or another, it never-

---

[1] A version of this statute, including only the first sentence, was part of the 1846 Revised Statutes, Chapter 104, § 1. The Legislature added the second sentence when it enacted 314 PA 1915, which became 1915 CL 12478, 1929 CL 14144, and 1948 CL 616. A few inconsequential changes, like using the words "shall be" instead of "is" or "are," were made when it was re-enacted by 236 PA 1961. Because I cannot view these changes as substantive, any cases interpreting or applying the 1915 version of this statute must remain applicable today.

theless exists as something in the record that can be
"amended." Thus, whether MCL 600.2301 can be used
to permit retroactive amendment of a nonconforming
—though *actually filed*—affidavit of merit after the
period of limitations has expired is an issue of first
impression.

The general rule created by MCL 600.2301 and its
predecessors is that leave to amend the pleadings
"should be denied only in the face of undue delay, bad
faith, or dilatory motive, repeated failure to cure defi-
ciencies by amendments previously allowed, undue
prejudice to the opposing party, or futility." *Dowerk v
Oxford Charter Twp,* 233 Mich App 62, 75; 592 NW2d
724 (1998). The goal of this rule is to dispose of cases on
the basis of parties' substantial rights, rather than on
technical errors. *Gratiot Lumber & Coal Co v Lubinski,*
309 Mich 662, 668-669; 16 NW2d 112 (1944). However,
"such amendments are not allowed when prejudice
would result and when the substantial rights of the
parties would be affected adversely." *Phillips v Rolston,*
376 Mich 264, 268; 137 NW2d 158 (1965).

Statutes of limitations are generally considered pro-
cedural, not substantive. *People v Sinclair,* 247 Mich
App 685, 689; 638 NW2d 120 (2001). However, this is
only true while the limitations periods are still running;
once the limitations period has completely run, the
right to defeat a cause of action becomes vested. *In re
Straight's Estate,* 329 Mich 319, 325; 45 NW2d 300
(1951); *Gorte v Dep't of Transportation,* 202 Mich App
161, 167; 507 NW2d 797 (1993). A trial court therefore
may not "permit an amendment which states a cause of
action barred by the statute of limitations." *Bockoff v
Curtis,* 241 Mich 553, 558; 217 NW 750 (1928).

However, this only precludes stating a completely
new cause of action. If "the transactional base of the

claim [is] still . . . pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction," then "the basic policy of the statute of limitations" is satisfied even if amendment is permitted. *LaBar v Cooper*, 376 Mich 401, 406; 137 NW2d 136 (1965). In essence, this is a longstanding policy directive that it is unfair to surprise the other party by retroactively amending a pleading to assert something against which the party had no reasonable opportunity to defend.

I see no such limitation here. None of the defendants has challenged whether plaintiff's notices of intent[2] complied with MCL 600.2912b(4)(e), which requires a statement of "the manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice." Under MCL 600.2912d(1)(d), the affidavit of merit must contain "[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice." Logically, if the notice of intent was adequate in this regard, defendants cannot seriously contend that they would be surprised if the affidavit of merit was retroactively amended to include the same thing. In any event, it is especially hard to believe that defendants could be surprised or prejudiced after carrying on discovery and litigation for more than a year after the complaint and affidavits were filed before bringing this motion.

MCL 600.2301 and its predecessors set forth a clear policy that our jurisprudence seeks to resolve disputes on their merits, not on technicalities. It *mandates* that

---

[2] I recognize, as does the majority, that defendants have raised a challenge to the sufficiency of the notices of intent. However, that challenge is limited to other grounds.

the courts overlook technical errors that "do not affect the substantial rights of the parties." Plaintiff actually submitted affidavits of merit that complied with the statutory requirements in all but one respect. There would be no surprise or other substantive prejudice to defendants for that technical defect to be retroactively corrected. Therefore, plaintiff should be afforded the opportunity to amend his affidavits of merit to comply with the statute.

I recognize the majority's argument that doing so would eviscerate the Legislature's remedy under MCL 600.2912d(2). See *Mouradian v Goldberg*, 256 Mich App 566, 575; 664 NW2d 805 (2003). However, I am not convinced by it. Again, the situation before us is different. This is *not* a case where plaintiff simply filed a bare complaint without an affidavit and now seeks to go back in time to insert one into the lower court record. This is a case where plaintiff *did* file an affidavit, albeit a defective one, and moreover had *previously* filed notices of intent that adequately set forth the missing information. An affidavit actually existed in the record, as did the information the affidavit should have contained.

Where correcting a technical defect would not inflict unfair prejudice on the other party, I would adhere to our legal system's longstanding and honorable goal of resolving disputes on their merits.