# STATE OF MICHIGAN

# COURT OF APPEALS

HENRY FORD MACOMB,

        Plaintiff-Appellee,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellant.

UNPUBLISHED
September 20, 2016

No. 327572
Wayne Circuit Court
LC No. 14-009971-NF

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

GADOLA, J. (*dissenting*).

I respectfully dissent. I believe the trial court erred by denying defendant's motion for summary disposition because the one-year-back rule of MCL 500.3145(1) precludes plaintiff's recovery for losses incurred before August 4, 2013.[1]

Section 3145 of the no-fault act, MCL 500.3101 *et seq.*, contains the one-year-back rule and provides the following:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.* [MCL 500.3145(1) (emphasis added).]

---

[1] This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). Similarly, we review questions of statutory interpretation de novo. *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005).

Accordingly, MCL 500.3145(1) contains two limitations on the time for filing a lawsuit and one limitation on the damages a claimant may recover. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 207; 815 NW2d 412 (2012). Thus, although a no-fault action to recover personal protection insurance (PIP) benefits may be filed more than one year after the accident or a particular loss has been incurred, the one-year-back rule "limits *recovery* in that action to those losses incurred within the one year preceding the filing of the action." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005).

Statutory language, including the one-year-back rule of MCL 500.3145(1), must be enforced according to its plain and ordinary meaning. *Id.* at 582. When statutory language is unambiguous, reviewing courts presume that the Legislature intended the meaning that is clearly expressed, and further construction is neither required nor permitted. *Joseph*, 491 Mich at 205. The one-year-back rule of "MCL 500.3145(1) . . . is clear" that "[d]amages are only allowed for one year back from the date the lawsuit is filed." *Cameron v Auto Club Ins Ass'n*, 476 Mich 55, 63; 718 NW2d 784 (2006).[2] Therefore, a plain reading of MCL 500.3145(1) compels me to conclude that, because plaintiff did not file its complaint until August 4, 2014, its recovery was limited to losses incurred on or after August 4, 2013, i.e., one year back from the date the lawsuit was filed. See *Devillers*, 473 Mich at 565-566 (holding that the one-year-back rule precluded a plaintiff who filed a complaint on November 12, 2002, from recovering damages for losses incurred before November 12, 2001); *Joseph*, 491 Mich at 222 (holding that a plaintiff who filed her complaint on February 27, 2009, was limited to recovering damages for losses "incurred on or after February 27, 2008").

Despite the fact that plaintiff filed its complaint on August 4, 2014, the majority nonetheless concludes that, by applying MCR 1.108(1), plaintiff was permitted to recover damages dating back to August 2, 2013. In my opinion, MCR 1.108 is not applicable to this case and the majority's proposed application of the court rule would violate the separation of powers doctrine outlined in the Michigan Constitution.

The majority's analysis overlooks the fact that the portion of the statute at issue in this case is not the forward-looking statute of limitations, but rather the backward-looking limitation on damages, i.e., the one-year-back rule, contained in the final sentence of MCL 500.3145(1). It eludes me why the majority perceives a need to apply MCR 1.108 to this portion of the statute in the first place. One year is one year, such that one year before August 4, 2014 is August 4, 2013. We do not need the aid of a court rule to tell us this, even in the legal profession. In my opinion, relying on MCR 1.108 to compute a period one year back in time from the date on which an action was commenced, for the purpose of limiting damages, is both unreasonable and unnecessary because it is irrelevant whether the day one year earlier was "a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order." MCR 1.108(1).

Additionally, Article 3 of the Michigan Constitution states that "[n]o person exercising powers of one branch shall exercise powers properly belonging to another branch except as

---

[2] *Cameron* was overruled by *Regents of Univ of Mich v Titan Ins Co*, 487 Mich 289, 292-293; 791 NW2d 897 (2010), but was then reinstated by *Joseph*, 491 Mich at 203-204.

expressly provided in this constitution." Const 1963, art 3, § 2; see *Zdrojewski v Murphy*, 254 Mich App 50, 81; 657 NW2d 721 (2002). The Constitution grants our Supreme Court authority to make rules that "establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5. However, that authority only extends to matters of practice and procedure because the Legislature, not the courts, has authority to establish substantive law. *McDougall v Schanz*, 461 Mich 15, 26-27; 597 NW2d 148 (1999); *Zdrojewski*, 254 Mich App at 81.

"[C]ourts are required to apply [MCR 1.108] where applicable." *People v Sinclair*, 247 Mich App 685, 689; 638 NW2d 120 (2001). However, the court rule is only applicable to matters involving practice and procedure in which our Supreme Court has exclusive authority to determine the rules. Const 1963, art 6, § 5. A statute is procedural when there is " 'no clear legislative policy reflecting considerations other than judicial dispatch of litigation.' " *McDougall*, 461 Mich at 30, quoting *Kirby v Larson*, 400 Mich 585, 598; 256 NW2d 400 (1977). By contrast, when a statutory provision is grounded on policy considerations other than regulating the procedural operations of the judiciary, it is considered substantive law. *Zdrojewski*, 254 Mich App at 81-82. "[I]t cannot be disputed that enacting court rules that establish, abrogate, or modify the substantive law transcends the limits of [the Supreme Court's] authority" because "matters of substantive law are left to the Legislature." *People v Jones*, 497 Mich 155, 165-166; 860 NW2d 112 (2014) (citations and quotation marks omitted).

"Statutes of limitation in this state are generally regarded as procedural and not substantive in nature. Therefore, MCR 1.108 is applicable as a procedural matter." *Sinclair*, 247 Mich App at 689 (citation omitted). However, "the one-year-back rule is not a statute of limitations in that it does not limit the period of time within which a claimant may file an action;" rather, the rule represents a statutory cap on damages a claimant is entitled to recover. *Joseph*, 491 Mich at 216. It is apparent that the one-year-back rule is substantive in nature, rather than procedural, because it reflects legislative policy considerations other than court practice and procedure. See generally *Zdrojewski*, 254 Mich at 82 (explaining that statutes capping damages in medical malpractice actions represent substantive law because "[t]he purpose of the statutes is to control health care costs by reducing medical malpractice liability"). As our Supreme Court explained in *Joseph*, 491 Mich at 220-221:

> The one-year-back rule codifies an integral part of the legislative compromise that is the no-fault act . . . . Given that Michigan is the only state with a no-fault automobile-injury reparations scheme with mandatory, unlimited, lifetime medical benefits, the Legislature adopted a unique approach to defining the temporal limitations for filing suit without allowing open-ended liability or time-barring claims before they accrue. The Legislature addressed this problem by enacting the one-year-back rule, which limits recovery to losses incurred within one year before suit was filed. Thus, the creation of MCL 500.3145(1) was the Legislature's reasonable and simple approach to resolving the problem of allowing a reasonable amount of time for pursuing a claim while protecting the fiscal integrity of the no-fault system.

The one-year-back rule of MCL 500.3145(1) concerns a matter of substantive law, rather than procedure. In my opinion, application of MCR 1.108 in the manner proposed by the

majority would violate the separation of powers doctrine because it would apply the court rule in a way that impermissibly modifies the plain language of the substantive law. See *McDougall*, 461 Mich at 27 ("[The Supreme Court] is not authorized to enact court rules that establish, abrogate, or modify the substantive law."); see also *Jones*, 497 Mich at 166 ("[C]ourts may not promulgate procedural rules contrary to [substantive law], but are instead required to adhere to legislative dictates."). Considering the plain language of MCL 500.3145(1), I would hold that the one-year-back rule precludes plaintiff's recovery for losses incurred before August 4, 2013, or one year before it filed its lawsuit on August 4, 2014.

/s/ Michael F. Gadola