# STATE OF MICHIGAN

# COURT OF APPEALS

HENRY FORD MACOMB,

Plaintiff-Appellee,

v

FARMERS INSURANCE EXCHANGE,

Defendant-Appellant.

UNPUBLISHED
September 20, 2016

No. 327572
Wayne Circuit Court
LC No. 14-009971-NF

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In this action for benefits under the no-fault act, MCL 500.3101 *et seq.*, defendant Farmers Insurance Exchange appeals the trial court's decision to deny its motion for summary disposition. Defendant contends that, as utilized in MCL 500.3145(1), which governs time limitations with respect to actions for recovery of personal protection insurance benefits, "1 year" for purposes of filing an action should be calculated differently than "1 year" for purposes of limiting the recovery of benefits. Because the method of calculating "1 year" should be the same, whether viewed prospectively or retrospectively, and particularly when the "1 year" deadlines at issue are set forth in the very same statute and subsection, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff, Henry Ford Macomb, treated a driver after he was involved in an automobile accident that occurred on August 2, 2013. Both the driver and the vehicle he was driving were uninsured. Plaintiff treated the driver from August 2, 2013, to August 5, 2013, accruing more than $44,000 in medical fees. Given that there was no ascertainable no-fault insurer, plaintiff submitted its claim for benefits to the Michigan Assigned Claims Plan (MACP). Before the MACP assigned the claim to a no-fault insurer, plaintiff filed the instant suit against the MACP on August 4, 2014; of significance in this case, August 2, 2014 fell on a Saturday. When the MACP later assigned the claim to defendant, plaintiff amended the complaint to name defendant as the responsible party for the no-fault benefits. Defendant does not dispute the fact that plaintiff's claim was timely filed within one year, in accordance with the limitation set forth in MCL 500.3145(1).

Defendant paid $1,477.16 for the medical services rendered on August 4, 2013 and August 5, 2013, but argued that the claims preceding August 4, 2013 should be summarily

disposed of because they violated the one-year-back provision found in MCL 500.3145(1). In other words, defendant argued that plaintiff was not permitted to recover benefits for August 2, 2013 and August 3, 2013 because it had filed the complaint more than one year after those service dates.

Plaintiff argued that MCR 1.108(1)[1] governed the computation of time for the one-year-back rule, and because August 2, 2014, was a Saturday, the one-year-back rule extended to the next business day, which was Monday, August 4, 2014. Accordingly, plaintiff urged the trial court to find that plaintiff had timely filed the complaint to collect all of the no-fault benefits. Defendant countered by arguing that, because the one-year-back rule was a limitation on damages and not a statute of limitation, MCR 1.108(1) could not operate to toll the rule. Upon hearing the arguments of both parties, the trial court agreed with plaintiff and denied defendant's motion. Subsequently, defendant stipulated to a consent judgment while expressly reserving its right to appeal the decision of the trial court regarding defendant's motion for summary disposition.

## II. ANALYSIS

On appeal, defendant argues that the trial court wrongly denied defendant's motion for summary disposition because the one-year-back rule cannot be extended by MCR 1.108(1). We disagree.

We review "decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). "This case presents issues regarding statutory interpretation of the Michigan no-fault insurance act. Statutory interpretation is an issue of law that is reviewed de novo." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). We also review de novo the proper interpretation and application of a court rule. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

MCL 500.3145(1) provides in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

---

[1] As will be addressed below, MCR 1.108 addresses the computation of time.

The first part of this statute contains a statute of limitations requiring that claims for no-fault benefits be filed within one year of the accident that caused the injuries. As an exception to that rule, a case may be filed after one year where "written notice of injury . . . has been given to the insurer within 1 year after the accident or [] the insurer has previously made a payment of personal protection insurance benefits for the injury." *Id.* See also *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 38-39; 878 NW2D 799 (2016). Even where the statute of limitation is extended to longer than one year, the second portion of the statute limits the benefits that are payable, stating, "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." This limitation on damages is known as the "one-year-back rule." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 208; 815 NW2d 412 (2012).

The one-year-back rule in MCL 500.3145(1), is a "damages-limiting provision" that "forecloses a claimant from recovering 'benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.' " *Id.* at 214. "[A]lthough a no-fault action to recover PIP benefits may be *filed* more than one year after the accident and more than one year after a particular loss has been incurred," MCL 500.3145(1) "nevertheless limits *recovery* in that action to those losses incurred within the one year preceding the filing of the action." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005).

MCL 500.3145(1) requires a court to compute time but does not provide directions on how that time is to be computed. MCR 1.108 "applies to computing a period prescribed by statute . . . ." *People v Sinclair*, 247 Mich App 685, 689; 638 NW2d 120 (2001). See also *People v Williams*, 475 Mich 245, 256 n 4; 716 NW2d 208 (2006) (stating that MCR 1.108 "unambiguously governs the computation of a period prescribed in a statute"); *Dunlap v Sheffield*, 442 Mich 195, 199; 500 NW2d 739 (1993) (stating that Michigan's Supreme Court "promulgated MCR 1.108 to clarify and avoid any disputes regarding what is the last day" of any given time period). Further, "courts are required to apply [MCR 1.108] where applicable." *Sinclair*, 247 Mich App at 689.

MCR 1.108 provides in relevant part:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

By the plain language of MCR 1.108(1), the last day of a given period of time counts as a day, unless that last day falls on a "Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order[.]" In such instances, the time period "runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed

pursuant to court order." MCR 1.108(1). In the present case, one year from August 2, 2013, is August 2, 2014. However, it is undisputed that August 2, 2014, was a Saturday. Therefore, pursuant to MCR 1.108(1), the calculation of that year extended to August 4, 2014, the Monday following, and the day on which plaintiff filed the instant claim. Accordingly, the trial court properly determined that the one-year-back rule did not bar plaintiff from recovering no-fault benefits from August 2, 2013. MCR 1.108(1); MCL 500.3145(1).

Defendant argues that a different result is required by our Supreme Court's decision in *Cameron v Auto Club Ins Ass'n*, 476 Mich 55; 718 NW2d 784 (2006), overruled by *Regents of Univ of Mich v Titan Ins Co*, 487 Mich 289, 292-293; 791 NW2d 897 (2010), reinstated by *Joseph*, 491 Mich at 203-204. In *Cameron*, the parents of a minor brought a delayed suit for no-fault benefits once the minor reached the age of majority. *Cameron*, 476 Mich at 59, 61. The plaintiffs filed the claim in 2002, which was within one year of the most recent loss, but sought benefits that accrued between 1996 and 1999, clearly more than one year back from the commencement date of the action. *Id*. at 61-62. The plaintiffs asserted that the minority/insanity tolling provision at MCL 600.5851(1) tolled the one-year-back rule. *Id*. Under MCL 600.5851(1), a person has "1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run." *Id*., quoting MCL 600.5851(1).

Our Supreme Court disagreed with the plaintiff's argument, reasoning that, "[b]y its unambiguous terms, MCL 600.5851(1) concerns when a minor or person suffering from insanity may 'make the entry or bring the action.' It does not pertain to the damages recoverable once an action has been brought." *Id*. In other words, the Supreme Court concluded that, because the one-year-back rule was not a statute of limitations, and MCL 600.5851(1) specifically stated that it tolled statutes of limitation, "the minority/insanity tolling provision in MCL 600.5851(1) does not operate to toll the one-year-back rule of MCL 500.3145(1)." *Id*.

Defendant urges us to follow *Cameron* and conclude that MCR 1.108 cannot toll the one-year-back rule because the latter is not a statute of limitations. We decline to do so because the trial court was not using MCR 1.108 to "toll" the one-year-back rule, as characterized by defendant. It was using MCR 1.108 to calculate what constitutes "1 year" for purposes of MCL 500.3145(1). *Cameron* is distinguishable from the instant case in that it did not even address how to calculate "1 year." Moreover, MCR 1.108 does not specifically state that it applies only to statutes of limitation. Relative to the instant matter, it states that it should be consulted to compute "a period of time prescribed or allowed . . . by statute[,]" and the Supreme Court has indicated that MCR 1.108(1) should be consulted where a given statute does not provide directions for the computation of a given time period. See *Williams*, 475 Mich at 256 n 4. MCL 500.3145(1) is just such a statute.

Our colleague in dissent argues that the "1 year" limitation set forth in MCL 500.3145(1) applicable to filing an action must be calculated differently than the "1 year" limitation set forth in MCL 500.3145(1) regarding the recovery of benefits because the former is a "forward-looking" calculation and the latter is a "one-year-back" provision, and thus, a backward-looking calculation. We fail to see how this alters one's calculation of the exact same time period. MCR 1.108 does not indicate that the method of computing time differs depending on whether you are counting backwards or forwards. Instead, it states that the last day of the designated time period

-4-

is included in the computation of time unless it falls on a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order, wherein the period runs until the end of the next day in which the court is open. See MRC 1.108(1). In this case, the last day of the "1 year" designated time period was August 2, 2014, which fell on a Saturday, and thus, the period ran until the end of the next day in which the court was open, being August 4, 2014.

Our colleague also contends that the statute of limitations is generally regarded as procedural, and the one-year-back rule is substantive in nature, and thus, applying MCR 1.108(1) to the one-year-back rule would violate the separation of powers doctrine. But we are not dealing with a substantive question. We are dealing with the procedural question of how to calculate the designated time period as set forth in a statute that fails to provide a method for its calculation. Our colleague argues that by not concluding that "1 year" means August 2, 2013 to August 2, 2014 we are "modif[ying] the plain language of the substantive law." But instead, he is simply offering his interpretation as to how one should calculate the meaning of "1 year." One year could certainly be calculated by jumping forward to the same date on the annual calendar. But it could also be calculated by counting 365 days, including or not including the day of the act or event in question, etc. We submit that the very purpose of MCR 1.108 is to create a uniform, procedural method of computing time when a statute fails to provide such method.

Based on the foregoing, we conclude that the trial court did not err in applying MCR 1.108(1) to calculate when the one-year time period set forth in MCL 500.3145(1) actually ended. Accordingly, we find that the trial court did not err in denying defendant's summary disposition motion on the ground that the one-year-back rule does not bar plaintiff's claimed PIP benefits.

Affirmed.


/s/ Jane M. Beckering
/s/ Mark J. Cavanagh