*In re* STRAIGHT'S ESTATE.

1. PAUPERS—ESTATE OF DECEASED FATHER—CLAIM FOR SUPPORT OF DAUGHTER.

The estate of the father of an indigent daughter remains liable for the care and support of such indigent while committed to a State institution during the lifetime of the father, notwithstanding the indigent was committed as a public patient and no proceedings were taken to establish the fact and extent of his liability during his lifetime after statute of limitations was made inapplicable to such proceeding (PA 1915, No 314, ch 9, § 13, as amended by PA 1929, No 183; PA 1923, No 151, § 11, as amended by PA 1943, No 250; § 13, as amended by PA 1941, No 299; § 18a, as added by PA 1939, No 308).

2. LIMITATION OF ACTIONS—EXTENSION OF PERIOD BY LEGISLATURE.

The legislature has power to extend the period of an existing statute of limitations, as such a statute is founded in public needs and public policy and is an arbitrary enactment by the law-making power.

3. SAME—VESTED RIGHTS—AMENDMENT OF STATUTE.

There is no vested right in the running of the statute of limitations unless it has completely run and barred the action, so that as to existing causes of action which are not barred, the statute may be amended.

4. ESTATES OF DECEDENTS—CLAIM BY STATE.

Generally, a claim held by the State against a person may, in the event of the demise of such person, be enforced against his estate.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5]   28 Am Jur, Insane and Other Incompetent Persons, § 43.
[2, 3]   34 Am Jur, Limitation of Actions, §§ 27, 29.
[2, 3]   Validity and applicability to existing causes of action not already barred of statute enlarging period of limitation. 46 ALR 1101.
[6]   34 Am Jur, Limitation of Actions, §§ 393, 399.
[7]   14 Am Jur, Costs, § 91.

5. PAUPERS—DETERMINATION OF LIABILITY OF FATHER OF INDIGENT
INSANE DAUGHTER FOR CARE AND SUPPORT.

Claim against estate of deceased father for the maintenance
and care of his daughter who had been committed to a
State hospital as an adult, indigent, mentally-incompetent
person over 20 years before his death was properly allowed,
in view of statutes imposing liability upon him in existence
during his lifetime, notwithstanding no proceedings were
taken in the probate court, the only court having jurisdiction,
while he was living to determine his ability to pay therefor
(PA 1915, No 314, ch 9, § 13, as amended by PA 1929, No 183;
PA 1923, No 151, § 11, as amended by PA·1943, No 250; § 13,
as amended by PA 1941, No 299; § 18a, as added by PA 1939,
No 308).

6. LIMITATION OF ACTIONS—ACTION FOR CARE AND SUPPORT OF IN-
MATE OF MENTAL HOSPITAL.

There is no conflict between provision of hospital act for
mentally-diseased persons that actions for recovery of cost
for maintenance and care of patients, brought against their
relatives might be brought during lifetime of the latter
or after their death "without any limitation" and the gen-
eral statute of limitations which excepted such actions from
its operation (PA 1915, No 314, ch 9, § 13, as amended by
PA 1929, No 183; PA 1923, No 151, § 18a, as added by PA
1939, No 308).

7. COSTS—CARE AND SUPPORT OF INSANE DAUGHTER—CONSTRUCTION
OF STATUTES.

No costs are allowed in State's action to recover from estate of
deceased father for maintenance and care of his daughter
in a State mental hospital, where decision turns upon a
matter of statutory construction which is of public concern.

Appeal from Ingham; Salmon (Marvin, J.), J.
Submitted November 16, 1950. (Docket No. 37, Cal-
endar No. 44,636.) Decided January 8, 1951.

In the matter of the estate of Judd A. Straight,
deceased. Louis M. Nims, Commissioner of the De-
partment of Revenue, presented his claim for reim-
bursement for support of insane patient. Claim al-
lowed on appeal to circuit court. The executor of
the estate appeals. Affirmed.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Thomas J. Fagan,* Assistants Attorney General, for claimant.

*Raymond H. McLean (Hubbard, McCullough & Fox,* of counsel), for executor.

NORTH, J.   This litigation had its inception in June, 1947, incident to the filing of a claim by Louis M. Nims, commissioner of the department of revenue, against the estate of Judd A. Straight, deceased. On appeal to the circuit court the claim was allowed in the amount of $8,171.12.   The executor of the estate, Leroy F. Straight, has appealed.   The issue for determination is whether a claim of the State for the support, maintenance and medical care of an adult, indigent, mentally-incompetent daughter, Grace D. Straight, in a State hospital is properly allowable against her father's estate from the date of the daughter's commitment to the date of the father's death, in a case where no proceedings were taken in the probate court during the lifetime of the father to determine his ability to pay therefor.

Since the passage of PA 1923, No 151, which was prior to the commitment of Grace D. Straight, there has been continuously in the statutory law of this State a provision under which certain designated relatives, if financially able to meet the obligation, are made responsible for the care and maintenance of a committed indigent insane person.*   For the purpose of decision herein it may be noted that during the period here involved the pertinent statutory provisions of this character have been substantially

---

* PA 1925, No 146, ch 1, § 2 (CL 1948, § 401.2 [Stat Ann § 16.-122]); PA 1923, No 151, § 11, as amended by PA 1925, No 283 and PA 1937, No 104 (CL 1948, § 330.21 [Stat Ann 1947 Cum Supp § 14.811]).

the same as embodied in the statute which was controlling at the death of Judd A. Straight, and which in part read as follows:

"If the relatives or friends of such mentally diseased persons shall so request, or if on investigation at the time of commitment or at any time subsequent thereto, it shall appear that such mentally diseased person has means or property sufficient for the payment of his care and maintenance, or if those persons, legally liable under section 2 of Act No 146 of the Public Acts of 1925 or of this act for the care and maintenance of such mentally diseased person, have sufficient means for that purpose, the court shall order his admission as a full-pay patient, or partial-pay patient, to any hospital, home or institution for the care or treatment of the insane, feeble-minded or epileptic in this State, and shall specify the amount in the commitment that the estate of such mentally diseased person, or those persons personally liable for the care and maintenance of such mentally diseased person shall pay for care and maintenance of such mentally diseased person in such State institution, and the amount so stated shall be subject to collection the same as any other moneys due the State are collected. The husband, wife, father, mother, grandfather, grandmother and children of any age, being of sufficient ability shall jointly and severally be liable for the maintenance of any patient." PA 1923, No 151, § 11, as amended by PA 1943, No 250.*

Since 1937 section 13 of the statute which provides the form of the order for admission or commitment, has contained the following:

"Nothing in the foregoing shall prohibit the collection by the State of the full amount set by law for maintenance of a patient in a State institution if it shall be made to appear subsequent to the issuance

---

* For later amendment see CL 1948, § 330.21, as amended by PA 1949, No 313 (Stat Ann 1949 Cum Supp § 14.811 *et seq.*).

of this order (of commitment) that the patient, or those legally liable is so able to pay." PA 1923, No 151, § 13, as amended by PA 1941, No 299 (CL 1948, § 330.23 [Stat Ann 1947 Cum Supp § 14.813]).*

And in 1939 there was added to the statute the following:

"Actions brought in the name of the people of this State, the State of Michigan, or any political subdivision thereof, or in the name of any officer or otherwise for the benefit of the State or any political subdivision thereof, for the recovery of the cost of maintenance, care and treatment of persons in hospitals, homes, schools and institutions covered under the provisions of this act, may be brought at any time either during the lifetime of the relatives so liable for the cost of such maintenance, care and treatment or after the death of such relatives without any limitation." PA 1923, No 151, § 18a, as added by PA 1939, No 308 (CL 1948, § 330.28a [Stat Ann 1947 Cum Supp § 14.818(1)]).

Appellant does not contend that the State's claim, if allowable, is barred by the statute of limitations. Before recovery for any portion of the state's money expended incident to the care and maintenance of Grace D. Straight had been barred, the statute of limitations was made inapplicable to this type of claims. See PA 1915, No 314, ch 9, § 13, as amended by PA 1929, No 183, as amended (CL 1948, § 609.13 [Stat Ann 1949 Cum Supp § 27.605]); also *In re Lewis' Estate,* 287 Mich 179. Grace D. Straight, an adult, was committed at public expense as an insane person February 14, 1924, and remained so committed until after her father's death. Her father died November 24, 1946, possessed of an estate approximately of the value of $74,000, consisting of

---

* This provision, in substance, was first incorporated in section 13 by PA 1937, No 104.

about $9,000 in personal property located in Michigan and the balance being real estate in Illinois.

It is stipulated between the parties to this litigation:

"That an order has never been entered by the probate court for the county of Kent (by which Grace D. Straight was committed) or any other court directing Judd A. Straight to pay for the expense of the care of his daughter, the said Grace B. Straight, at either the Kalamazoo State Hospital or the Caro State Hospital."

Appellant's contention is stated as follows:

"The estate of the deceased herein is not liable because no proceedings were taken by the State during his (Judd A. Straight's) lifetime to establish the fact and extent of his liability, as provided by statute."

We are not in accord with appellant's contention. The theory of appellant which it is claimed would bar recovery is certainly not tenable since the passage in 1939 of Act No 308. The demise of Judd A. Straight did not occur until November, 1946. Under the facts disclosed by this record it cannot be questioned if the proceedings to fix his liability for the care and maintenance of his insane daughter had been brought against him in his lifetime it could not have been successfully resisted. As noted by the quotation above from PA 1923, No 151, § 18a, as added by PA 1939, No 308, the legislature provided that for liability of this character the State's action "may be brought at any time either during the lifetime of the relatives so liable for the cost of such maintenance, care and treatment or after the death of such relatives without any limitation." This statutory provision did not change the nature or extent of Judd A. Straight's liability. The State's right to enforce a claim of this character against the estate

of a person liable therefor was fixed by statute years before the demise of Judd A. Straight. See PA 1923, No 151, § 18a, as added by PA 1939, No 308.

"The legislature    *    *    *    has power to extend the period of an existing statute of limitations." 17 RCL, p 672, Limitation of Actions, § 12.

"There is no vested right in the running of the statute of limitations unless it has completely run and barred the action, so that as to existing 'causes of action which are not barred, the statute may be amended." 34 Am Jur, p 37, Limitation of Actions, § 33.

"We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. The statutes of limitation, as often asserted and especially by this court, are founded in public needs and public policy—are arbitrary enactments by the law-making power. *Tioga Railroad* v. *Blossburg & Corning Railroad,* 20 Wall (87 US) 137, 150 (22 L ed 331). And other statutes, shortening the period or making it longer, which is necessary to its operation, have always been held to be within the legislative power until the bar is complete.    *    *    *    It violates no right of his '(the debtor), therefore, when the legislature says, time shall be no bar, though such was the law when the contract was made.    *    *    *    We can see no right which the promisor has in the law which permits him to plead lapse of time instead of payment, which shall prevent the legislature from repealing that law, because its effect is to make him fulfil his honest obligations." *Campbell* v. *Holt,* 115 US 620, 628 (6 S Ct 209, 29 L ed 483).*

*In re Lugies' Estate,* 287 Mich 710, is very much in the same field of the law as the instant case. As

---

* Followed in *Chase Securities Corp.* v. *Donaldson,* 325 US 304 (65 S Ct 1137, 89 L ed 1628), which affirmed *Donaldson* v. *Chase Securities Corp.,* 216 Minn 269 (13 NW2d 1).

noted in appellant's brief, there was in the *Lugies Case* an adjudication during the lifetime of the committed mentally-diseased person as to the amount during a fixed limited period that his estate should pay to the State for his maintenance and care. But we think that circumstance does not impair the applicability of the decision therein because no payments were made. Other proceedings were brought in probate court in behalf of the State after Lugies' death against his estate, and in part for a period not included in the earlier proceedings. The State's claim was allowed for the whole period of Lugies' commitment, February 13, 1912, to the date of his death, September 29, 1936, in the amount of $4,350.35. In deciding the *Lugies Case* we said: "In a legal sense the same parties and the same subject matter are involved in the instant case as were formerly before the probate court (in the proceedings during Lugies' lifetime)." It is worthy of note that in the proceedings against the estate of Lugies, deceased, the State's claim was allowed notwithstanding the proceedings in that matter were prior to the enactment of section 18a as an addition to PA 1923, No 151, by PA 1939, No 308, from which we have hereinbefore quoted the provision that the State's action of this character may be brought "either during the lifetime of the relatives so liable for the cost of such maintenance, care and treatment or after the death of such relatives without any limitation."

The liability in the manner created by the pertinent statutory provisions attached to Judd A. Straight as the father of Grace D. Straight simultaneously as the support, care and maintenance was given to the daughter, and was present at the time of the father's death. As above noted, it is provided in the quoted portion of PA 1923, No 151, § 11, as amended by PA 1943, No 250, that as to claims of this character "the amount so stated shall be subject

to collection the same as any other moneys due the State are collected." In general it may be said that a claim held by the State against a person may in the event of the demise of such person be enforced against his estate. And we think that likewise, in view of the express statutory provision enacted in the lifetime of Judd A. Straight and at a time when he was liable to the State for his daughter's support, the claim in the instant case was properly allowed by the circuit judge against the estate of Judd A. Straight, deceased.

In reaching our decision we need not, in our view of the law, disagree with appellant's contention that: "Section 18a (PA 1939, No 308) does not create liability or create a cause of action, but is only a statute of limitation." The instant proceedings were instituted and initially prosecuted in the probate court of Ingham county which had jurisdiction to hear and determine the fundamental issue—*i.e.,* whether Grace D. Straight's father (his estate) was liable to the State for her care and maintenance during her commitment in his lifetime. That was the only court that had original jurisdiction to hear the State's claim. Appellant's contention that section 18a "is only a statute of limitation" does not militate against the State's right to recover. There is no conflict between section 18a and what may be termed the general statute of limitations, which in part reads:

"6. Provided further, That actions brought in the name of the people of this State, the State of Michigan, or any political subdivision thereof, or in the name of any officer or otherwise for the benefit of the State or any political subdivision thereof, for the recovery of the cost of maintenance, care and treatment of persons in hospitals, homes, schools and other State institutions, shall not be subject to the limitations of this section and may be brought at

any time, without limitation, the provisions of any statute notwithstanding." CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).

The circuit judge properly allowed the State's claim in the instant case against the estate of Judd A. Straight, deceased, and the order entered accordingly is affirmed. Since decision herein turns upon a matter of statutory construction, which is of public concern, no costs will be allowed.

REID, C. J., and BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with NORTH, J. BOYLES and DETHMERS, JJ., concurred in the result.