POTTER v McLEARY (ON REMAND)

Docket Nos. 262529 and 263538. Submitted November 20, 2007, at Lansing. Decided March 20, 2008, at 9:10 a.m. Leave to appeal sought.

Brian Potter brought a medical malpractice action in the Washtenaw Circuit Court against Richard C. McLeary, M.D., and others. The plaintiff sent a notice of intent to sue to Huron Valley Radiology, P.C., and Kristyn H. Murry, M.D., eight days before the statutory period of limitations expired, and sent a separate notice of intent to St. Joseph Mercy Hospital Ann Arbor, Emergency Physicians Medical Group, P.C., and Robert Domeier, D.O., 25 days before the period of limitations expired. However, the affidavits of merit that the plaintiff filed with his complaint did not contain the statutorily required statement on proximate cause, and no conforming affidavits were submitted before the limitations period expired. The court, Donald E. Shelton, J., denied the defendants' motions for summary disposition, and the defendants appealed. The Court of Appeals consolidated the appeals. The Court of Appeals, WILDER, P.J., and ZAHRA, J. (DAVIS, J., dissenting), reversed, concluding that the plaintiff's complaint should be dismissed with prejudice because the affidavits of merit attached to the complaint did not conform to the requirements of MCL 600.2912d. 274 Mich App 222 (2007). The Supreme Court, in lieu of granting leave to appeal, reversed the portion of the Court of Appeals judgment that stated that the complaint should be dismissed with prejudice and stated that dismissal should be without prejudice. 480 Mich 915 (2007). The Supreme Court remanded the matter to the Court of Appeals for consideration of the remaining issues not addressed previously.

On remand, the Court of Appeals *held*:

1. An affidavit of merit is presumptively valid, and therefore tolls the running of the limitations period when filed with the complaint, until successfully challenged in a judicial proceeding. The proper remedy for a successful challenge, as in this case, is dismissal without prejudice, affording the plaintiff whatever time remains in the period of limitations to file a complaint with conforming affidavits of merit. Summary disposition should be granted without prejudice to all the defendants with regard to the affidavits of merit.

2. The notice of intent sent to Dr. Murry was sufficient to put him on notice of the nature of the claim and properly set forth the manner in which he allegedly breached the standard of care and what actions he should have taken to avoid the breach.

3. The notice of intent sent to Huron Valley Radiology did not state the specific standard of care applicable to it.

4. The trial court properly denied summary disposition on the basis of the notices of intent to all the defendants except Huron Valley Radiology. Summary disposition should be granted without prejudice to Huron Valley Radiology. The plaintiff may cure the deficiency within the time remaining within the limitations period.

*Affirmed in part, reversed in part, and remanded.*

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — TOLLING.

   An affidavit of merit filed in an medical malpractice action is presumably valid, and therefore tolls the running of the limitations period when filed with a complaint, until it is successfully challenged in a judicial proceeding; the proper remedy for a successful challenge is dismissal without prejudice, affording the plaintiff whatever time remains in the period of limitations to file a complaint with a conforming affidavit (MCL 600.2912d).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — NOTICES OF INTENT — TOLLING.

   A notice of intent to bring a medical malpractice action is presumed to be valid, so it supports the filing of a complaint after the notice period has run, unless and until the notice is successfully challenged in a judicial proceeding; the proper remedy for a successful challenge is dismissal without prejudice, affording the plaintiff the opportunity to cure the deficiency within the time remaining within the limitations period (MCL 600.2912b).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Erlich, Rosen & Bartnick, P.C.* (by *J. Martin Bartnick*), for Brian Potter.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Susan J. Zbikowski*), for Robert Domeier, D.O., and Emergency Physicians Medical Group.

*Foley, Baron & Metzger, PLLC* (by *Judith A. Sherman* and *Carole S. Empey*), for St. Joseph Mercy Hospital Ann Arbor.

*Chapman and Associates, P.C.* (by *Ronald W. Chapman, Brian J. Richtarcik*, and *David B. Mammel*), for Kristyn Murry, M.D., and Huron Valley Radiology, P.C.

ON REMAND

Before: WILDER, P.J., and ZAHRA and DAVIS, JJ.

DAVIS, J. In these consolidated appeals, defendants appealed by leave granted orders in this medical malpractice action denying their motions for summary disposition pursuant to MCR 2.116(C)(7). Previously, a majority of this Court reversed, holding that plaintiff's complaint should be dismissed with prejudice because the attached affidavits of merit did not conform to the requirements of MCL 600.2912d. *Potter v McLeary*, 274 Mich App 222; 732 NW2d 600 (2007). In lieu of granting leave to appeal, our Supreme Court reversed the portion of this Court's judgment "dismissing the complaint *with* prejudice, because the dismissal should have been *without* prejudice . . . ." See 480 Mich 915 (2007) (emphasis in original). Our Supreme Court remanded to this Court for consideration of the remaining issues not addressed previously. We now affirm in part, reverse in part, and remand.

As noted in our previous opinion, the alleged malpractice took place on June 7, 2001. The period of limitations in medical malpractice cases is two years from the date the claim accrued. MCL 600.5805(6). Presuming the notice of intent was sufficient, the running of the period of limitations would have been tolled for 182 days from the date of the notice. MCL

600.2912b(1). A notice of intent was sent to defendants Huron Valley Radiology, P.C., and Kristyn H. Murry, M.D., on May 30, 2003, leaving eight days remaining before the period of limitations expired. A notice of intent was sent to defendants St. Joseph Mercy Hospital Ann Arbor, Robert Domeier, D.O., and Emergency Physicians Medical Group, P.C., on May 13, 2003, leaving 25 days before the period of limitations expired. The notices tolled the running of the limitations periods, which recommenced on November 30, 2003, and on November 13, 2003, respectively. The limitations period expired on December 8, 2003, for all defendants. Plaintiff's complaint was filed on November 4, 2003.

There was no serious dispute in our prior decision that the affidavits of merit were fatally defective because they failed to state how the physicians' alleged failures related to plaintiff's alleged injuries, so they did not contain the required statement of proximate cause. See MCL 600.2912d. No conforming affidavits of merit were filed by December 8, 2003. A majority of this Court previously determined that plaintiff had therefore not filed an affidavit of merit at all, pursuant to *Geralds v Munson Healthcare*, 259 Mich App 225, 240; 673 NW2d 792 (2003), and *Mouradian v Goldberg*, 256 Mich App 566, 574; 664 NW2d 805 (2003), so plaintiff's complaint should be dismissed with prejudice. This Court therefore deemed it unnecessary to address defendants' challenges to plaintiff's notices of intent.

After this Court's previous decision, our Supreme Court overruled *Geralds* and *Mouradian* as having misapplied the case of *Scarsella v Pollak*, 461 Mich 547, 553; 607 NW2d 711 (2000). *Kirkaldy v Rim*, 478 Mich 581, 583-584; 734 NW2d 201 (2007). Our Supreme Court explained that *Scarsella* had only held that "a medical-malpractice complaint filed *without* an affida-

vit of merit" was ineffective and would not toll the running of the applicable limitations period. *Id.* at 584 (emphasis in original). It further explained that *Geralds* and *Mouradian* had wrongly extended that holding to medical-malpractice complaints that were actually filed with affidavits of merit, but where those affidavits of merit failed to conform to the requirements of MCL 600.2912d. *Kirkaldy, supra* at 584-585. Our Supreme Court concluded that an affidavit of merit is presumptively valid—and therefore tolls the running of a limitations period when filed with a complaint—until successfully challenged in a judicial proceeding. *Id.* at 585-586. "Thus, if the defendant believes that an affidavit is deficient, the defendant must challenge the affidavit," and the proper remedy for a successful challenge is dismissal without prejudice, affording the plaintiff "whatever time remains in the period of limitations" to file a complaint with a conforming affidavit. *Id.* at 586.

Our Supreme Court's partial reversal in this case was based on its decision in *Kirkaldy.* As applied to the case at bar, plaintiff's complaint, filed with the affidavits of merit, tolled the running of the limitations period. Because we conclude that those affidavits of merit did not conform to the requirements of MCL 600.2912b, the proper remedy is for the trial court to dismiss plaintiff's complaint without prejudice. Plaintiff may then file a new complaint with conforming affidavits of merit within the time remaining in the limitations period.

Because we declined to do so previously, we must address defendants Murry's and Huron Valley Radiology's challenges to the sufficiency of the notices of intent sent to them.[1] Murry and Huron Valley Radiology first

---

[1] Defendant St. Joseph Mercy Hospital joined in this challenge but has been dismissed by stipulation. The remaining defendants do not chal-

argue that the notice does not properly state the appli-
cable standard of practice or care as required by MCL
600.2912b(4)(b). We agree, in part. The second para-
graph of plaintiff's notice sets forth the following stan-
dard of care:

> The standard of care required Drs. Murry and/or [Gary]
> Augustyn and/or [Richard C.] McLeary to correctly read,
> interpret and report the correct results to the emergency
> room under the circumstances. Notwithstanding that stan-
> dard of care, Drs. Murry and/or Augustyn and/or McLeary
> failed to properly interpret the MRI images and convey
> accurate information to the emergency room physician in
> charge of the patient that night.

The standard of care completely fails to make any
reference to defendant Huron Valley Radiology. Our
Supreme Court has explained that plaintiff is not obli-
gated to provide a completely correct standard of care,
but "plaintiff was required to make a good-faith aver-
ment of *some* particularized standard for each of the
professionals and facilities named in the notices." *Rob-
erts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich
679, 694; 684 NW2d 711 (2004) (emphasis in original).
The standard alleged here is more than the tautology
rejected in *Roberts*, and we find it adequate with regard
to defendant Murry. Plaintiff articulated a specific
standard that Murry must correctly read, interpret, and
report the results of the MRI test. This is specific to the
requirements of the service that plaintiff received from
Murry. It was sufficient to put defendant Murry on
notice of the nature of the claim, which was failure to
properly identify and report plaintiff's injury. There-
fore, it met the requirements of MCL 600.2912b(4)(b)
with regard to Murry. However, the notice cannot

---

lenge their notices of intent, and we lack a sufficient record to assess their
adequacy in any event. Thus, we presume the remaining notices were
sufficient.

satisfy all the statutory requirements with regard to defendant Huron Valley Radiology.

Murry additionally argues that the notice of intent failed to set forth the manner in which he allegedly breached the standard of care, as required by MCL 600.2912b(4)(c). We disagree. The third paragraph of plaintiff's notice of intent states that Murry "failed to properly interpret and report back the true and correct results of the MRI that was performed at St. Joseph Mercy Hospital on June 7, 2001." The only statutory requirement is that the notice contain " 'a statement' of each of the enumerated categories of information," not that it "be in any particular format." *Roberts, supra* at 696. We find the allegations adequate here.

Murry next argues that the notice of intent failed to state what actions should have been taken to avoid the breach, as required by MCL 600.2912b(4)(d). We disagree. As was the case in *Roberts*, this portion of the notice of intent contains only a reference back to an earlier paragraph. Unlike in *Roberts*, however, no guesswork is necessary to determine what action was required of Murry to comply with the standard of care. Plaintiff has clearly set forth an applicable standard of care and a specific omission that allegedly breached the standard. It necessarily follows that the "particular action that any defendant should have taken in order to achieve compliance with the standard of care" is the specific act defendant failed to do. *Roberts, supra* at 698. As previously discussed, plaintiff clearly alleged that Murry "failed to properly interpret the MRI images and convey accurate information to the emergency room physician in charge of the patient that night." To comply with the standard of care, Murry should have properly interpreted the MRI images and conveyed accurate information to the emergency room physician.

Because no other challenges to the notices of intent are raised, we will not consider them further. Therefore, the trial court properly denied summary disposition on the basis of the notices of intent to all defendants other than Huron Valley Radiology. With regard to Huron Valley Radiology, we believe that our Supreme Court's treatment of deficient—but actually filed—affidavits of merit should, by analogy, be applied to deficient—but again actually filed—notices of intent, as well. See *Kirkaldy, supra* at 586. Notices of intent are presumed to be valid and proper, so they support the filing of a complaint after the notice period has run, unless and until the notice is successfully challenged. The remedy to be applied if a notice is successfully challenged is dismissal without prejudice, affording the plaintiff the opportunity to cure the deficiency within the time remaining within the limitations period as theretofore tolled by the now-invalidated notice or the subsequent filing of the complaint.

We hold as follows: summary disposition is granted without prejudice to Huron Valley Radiology on the basis of the notice of intent, summary disposition is denied to all other defendants on the basis of the notices of intent, and summary disposition is granted without prejudice to all defendants on the basis of the affidavits of merit. The applicable limitations periods remain tolled until entry of the grants of summary disposition. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.